Ct Exh #2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

ALEXANDER MCGRAIL REYNOLDS,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

25 Cr. 135 (RA)

WHEREAS, on or about March 28, 2025, ALEXANDER MCGRAIL REYNOLDS (the "Defendant"), was charged in an Indictment, 25 Cr. 135 (RA) (the "Indictment"), with unlicensed dealing of firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A) (Count One), and interstate distribution of firearms, in violation of Title 18, United States Code, Section 922(a)(5) (Counts Two through Ten);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Ten of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c) of any and all firearms and ammunition involved in or used in the offenses charged in Counts One through Ten of the Indictment;

WHEREAS, on or about September 26, 2025, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), a sum of money equal to $13,319.51 in United States currency, representing the value of forfeitable property,

specifically, all 3D-printed handgun frames sold on Etsy during the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $13,319.51 in United States currency, representing to the value of forfeitable property involved in the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the forfeitable property involved in the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney ANDREW JONES, of counsel, and the Defendant and his counsel, ARIEL WERNER, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $13,319.51 in United States currency (the "Money Judgment"), representing the value of forfeitable property involved in the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant ALEXANDER MCGRAIL REYNOLDS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals

Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.  Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.  The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.   The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          9/26/25
ANDREW JONES                                  DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2249


ALEXANDER MCGRAIL REYNOLDS

By: _____          9/26/25
ALEXANDER MCGRAIL REYNOLDS                    DATE

By: _____          9/26/2025
ARIEL WERNER, ESQ.                            DATE
Attorney for Defendant
52 Duane Street, 10TH Floor
New York, NY 10007


SO ORDERED:

_____              9/26/25
HONORABLE RONNIE ABRAMS                       DATE
UNITED STATES DISTRICT JUDGE